# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MCQUENNIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO INSTITUTIONAL RETIREMENT SERVICES, et. al.,<br><br>　　　　Defendants. | Case No.  1:22-cv-00557-JLT-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 6)<br><br>**TWENTY-ONE DAY DEADLINE** |

On May 10, 2022, Plaintiff Stephen McQuennie ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed an action against Defendants Wells Fargo Institutional Retirement Services and Principal Financial Group. (Doc. 1.) On August 12, 2022, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and advised him that he had two options as to how to proceed: Plaintiff could file either (1) an amended complaint within thirty days, which would be screened in due course; or (2) a statement that he wished to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with the First Screening Order. (Doc. 5.)

On September 2, 2022, Plaintiff filed a document titled "First Amended Complaint," but the substance of the document appeared to indicate that Plaintiff wished to stand on his initial complaint. (*See* Doc. 6 at 2 (Plaintiff stating, "I do believe however, that my case has merit as stated in [t]he original complaint . . ."). Given the lack of clarity as to Plaintiff's desired course of action, on

September 6, 2022, the undersigned ordered that, by September 20, 2022, Plaintiff was to file either (1) an amended complaint, which would be captioned "First Amended Complaint," referring to case number 1:22-cv-00557-JLT-SKO, and would be complete in itself without reference to the prior or superseded pleading; or (2) a statement, which would be captioned "Notice to the Court," that Plaintiff sought to stand on the initial complaint and have it reviewed by the presiding district judge. (Doc. 7.) Because it appeared that Plaintiff was not served with the September 6, 2022 minute order, on September 21, 2022, the undersigned directed the Clerk of Court to serve copies of both minute orders at Plaintiff's address of record and ordered Plaintiff to pursue one of the two options by no later than October 6, 2022. (Doc 8.) Over a week has lapsed without Plaintiff taking action as to either option.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's screening order by not filing an amended complaint or notifying the Court of his intent to stand on his initial complaint.** Alternatively, within that same time period, Plaintiff may file (1) an amended complaint curing the deficiencies identified in the screening order, a copy of which is being provided along with this order; (2) a statement indicating he intends to stand on his original complaint; or (3) a notice of

voluntary dismissal of his lawsuit. The undersigned further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the undersigned will recommend to the presiding district court judge that this action be dismissed in its entirety.

The Clerk of Court is DIRECTED to send a copy of this order and the Court's First Screening Order entered August 12, 2022, (Doc. 5), to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **October 17, 2022**              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE