# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MCQUENNIE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO INSTITUTIONAL RETIREMENT SERVICES, et. al.,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00557-JLT-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING MOTIONS, AND GRANTING PLAINTIFF LAST OPPORTUNITY TO FILE FIRST AMENDED COMPLAINT**<br><br>**(Docs. 8–12)**<br><br>**THIRTY DAY DEADLINE** |

_____

On May 10, 2022, Plaintiff Stephen McQuennie, proceeding *pro se* and *in forma pauperis*, filed an action against Defendants Wells Fargo Institutional Retirement Services and Principal Financial Group. (Doc. 1.) On August 12, 2022, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and advised him that he had two options as to how to proceed: Plaintiff could file either (1) an amended complaint within thirty days, which would be screened in due course; or (2) a statement that he wished to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with the First Screening Order. (Doc. 5.)

On September 2, 2022, Plaintiff filed a document titled "First Amended Complaint," but the substance of the document appeared to indicate that he wished to stand on his initial complaint. (*See* Doc. 6 at 2 (Plaintiff stating, "I do believe however, that my case has merit as stated in [t]he original complaint . . ."). Given the lack of clarity as to Plaintiff's desired course of action, on September 6,

2022, the undersigned ordered that, by September 20, 2022, Plaintiff was to file either (1) an amended complaint, which would be captioned "First Amended Complaint" and would be complete in itself without reference to the prior pleading; or (2) a statement that Plaintiff sought to stand on the initial complaint and have it reviewed by the presiding district judge. (Doc. 7.) Because it appeared that Plaintiff was not served with the September 6, 2022, minute order, on September 21, 2022, the undersigned directed the Clerk of Court to serve copies of both minute orders at Plaintiff's address of record and ordered Plaintiff to pursue one of the two options by no later than October 6, 2022. (Doc. 8.) Plaintiff did not file either document, nor did he request an extension of time in which to do so.

On October 18, 2022, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's screening order. (Doc. 9.) Plaintiff was warned in the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id*.)

On November 17, 2022, Plaintiff filed a notice acknowledging his failure to take action by the deadline set forth in the OSC. (Doc. 10 at 1–3.) In his notice, Plaintiff states his intention "[t]o reinstate what was said in the complaint earlier about Wells Fargo Bank." (*Id*. at 6.) He also filed two motions: the first seeks leave of court to dismiss Defendant Principal Financial Group (Doc. 11); the second seeks to add Wells Fargo Bank as a defendant (Doc. 12). (*See also* Doc. 10 at 5–8.)

In view of the good cause shown, the Court will DISCHARGE the OSC and will permit Plaintiff one final opportunity to file a first amended complaint. Plaintiff's motions, which the Court construes as having been filed pursuant to Federal Rule of Civil Procedure 41(a), will be DENIED. Rule 15, not Rule 41(a), is the proper mechanism by which Plaintiff can dismiss or add parties to the action. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are government by Fed. R. Civ. P. 15, which addresses amendments to pleadings."). Plaintiff is advised that he is free to omit Principal Financial Group from, and add Wells Fargo to, his first amended complaint, should he choose to file one.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The OSC entered October 18, 2022 (Doc. 9) is DISCHARGED;
2. Plaintiff's "Motion to Dismiss Principal Financial Group" (Doc. 11) is DENIED;
3. Plaintiff's "Motion to the Court Seeking Leave of Court to Add Wells Fargo Bank as a Defendant" (Doc. 12) is DENIED;
4. Plaintiff is granted leave ***one last and final time*** to file a first amended complaint;
5. Within thirty days (30) days from the date of service of this order, Plaintiff SHALL either file:
    a. a first amended complaint pursuant to Federal Rule of Civil Procedure 15 curing the deficiencies identified by the Court in its August 12, 2022, screening order, which will again be screened in due course, or
    b. a notice of voluntary dismissal of his case pursuant to Federal Rule of Civil Procedure 41(a);
6. The Court DIRECTS the Clerk of Court to send (a) a copy of this Order, and (b) the Court's screening order (Doc. 5) to Plaintiff at his address listed on the docket for this matter; and
7. **Failure by Plaintiff to comply with this order will result in a recommendation that this action be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Cal. Local Rules 110 and 183(a).**

IT IS SO ORDERED.

Dated:   **November 18, 2022**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE