UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MCQUENNIE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO INSTITUTIONAL RETIREMENT SERVICES, et al.,<br><br>　　　　Defendants. | Case No.  1:22-cv-00557-JLT-SKO<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>(Doc. 14)<br><br>21-DAY DEADLINE |

　　　　On May 10, 2022, Plaintiff Stephen McQuennie, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants Wells Fargo Institutional Retirement Services ("Wells Fargo") and Principal Financial Group ("Principal"). (Doc. 1).  On August 12, 2022, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.)

　　　　On September 2, 2022, Plaintiff filed a document titled "First Amended Complaint," but the substance of the document appeared to indicate that he wished to stand on his initial complaint. (*See* Doc. 6 at 2 (Plaintiff stating, "I do believe however, that my case has merit as stated in [t]he original complaint . . ."). Given the lack of clarity as to Plaintiff's desired course of action, the undersigned ordered Plaintiff to file either (1) an amended complaint, which would be complete in

1

itself without reference to the prior pleading; or (2) a statement that Plaintiff sought to stand on the initial complaint and have it reviewed by the presiding district judge. (Docs. 7–8.) Plaintiff did not file either document within the applicable time frame, nor did he request an extension of time in which to do so.

On October 18, 2022, an order issued for Plaintiff to show cause ("OSC") within twenty-one days as to why the action should not be dismissed for his failure to comply with the Court's screening order. (Doc. 9.) On November 17, 2022, Plaintiff filed a notice acknowledging his failure to take action by the deadline set forth in the OSC. (Doc. 10 at 1–3.) In his notice, Plaintiff stated his intention "[t]o reinstate what was said in the complaint earlier about Wells Fargo Bank." (*Id*. at 6.) He also filed motions seeking leave of court to dismiss Principal (Doc. 11) and to add Wells Fargo Bank as a defendant (Doc. 12). (*See also* Doc. 10 at 5–8.)

On November 21, 2022, for good cause shown, the undersigned discharged the OSC and granted Plaintiff "*one last and final*" opportunity to file an amended complaint. (Doc. 13 at 3.) Plaintiff was advised that Federal Rule of Civil Procedure 15 was the proper mechanism by which he could dismiss or add parties to the action, and that he was free to omit Principal from, and add Wells Fargo to, his first amended complaint. (*Id*. at 2.) The two motions Plaintiff filed (Docs. 11 & 12) were denied. (Doc. 13 at 3.) Plaintiff was cautioned that his first amended complaint needed to cure the deficiencies identified by the Court in its August 12, 2022, screening order, and that failure to comply with the Court's order would result in a recommendation that this action be dismissed in its entirety. (*Id*.) On December 16, 2022, Plaintiff filed his first amended complaint, naming Wells Fargo "[a]nd Ms. Helena," as well as Principal, as Defendants. (Doc. 14.)

After screening Plaintiff's first amended complaint, the undersigned finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff's allegations are insufficient to plead a cognizable claim. Furthermore, the amended complaint fails to set forth any cognizable claims over which this Court may assert jurisdiction. Accordingly, the undersigned RECOMMENDS that Plaintiff's first amended complaint be DISMISSED without prejudice, without leave to amend, for failure to state a claim upon which relief may be granted as to two of the Defendants and for lack of jurisdiction as to all the Defendants.

**I.   SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting

*Twombly*, 550 U.S. at 557).

## II. DISCUSSION

### A. Summary of the First Screening Order

Plaintiff's initial complaint named Wells Fargo and Principal as Defendants and alleged violations of the Federal Reserve Act, 12 U.S.C. §§ 265–66, the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811–1832, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), 12 U.S.C. §§ 5301 *et seq.* (Doc. 1 at 9.) As summarized by the first screening order (Doc. 5 at 3–5), Plaintiff's claims were based on distinct events involving his retirement account and personal checking account. (*Id.* at 10–16.)

The undersigned found that the complaint failed to state any cognizable claims, provided Plaintiff with legal standards applicable to his claims, and granted Plaintiff an opportunity to file an amended complaint to correct the identified deficiencies. (Doc. 5 at 5.) The undersigned described how Plaintiff articulated his grievances against Wells Fargo regarding its handling of the purportedly fraudulent transactions, but he failed to identify any legal bases for his suit against Wells Fargo. (*Id.* at 6.) The undersigned found that these allegations, as pleaded, were insufficient and qualified as a "shotgun pleading" because they failed to provide Defendants with "fair notice" of the claims against which they must defend and the facts and legal theories that gave rise to his claims. (*Id.*) Plaintiff was granted leave to amend his complaint and to "set forth his claims more clearly." (*Id.*) Plaintiff was advised that in any amended complaint, he "**must clearly state which claim is against which defendant and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim**." (*Id.* (citing Fed. R. Civ. P. 8(a)).)

Plaintiff was provided with the legal standards that might be relevant to his action in the event he sought to amend the complaint. (Doc. 5 at 6–8.) The undersigned first described the elements and legal principles applicable to claims brought under ERISA for breach of fiduciary duty. (*Id.* at 7.) The undersigned advised Plaintiff that his complaint, as pleaded, did not contain sufficient factual allegations to support an ERISA claim, and that in any amended complaint, he

must allege facts demonstrating that Defendants had either discretionary authority or control over the management or administration of his retirement plan. (*Id*.)  The undersigned noted that the remaining legal provisions identified by Plaintiff—the Federal Reserve Act, the Federal Deposit Insurance Act, and the Dodd-Frank Act—do not create a private right of action. (*Id*. at 7–8.)

In granting Plaintiff leave to amend, the undersigned cautioned Plaintiff that if he chose to amend his complaint, "he must clearly state in the amended complaint his legal claims, identify which defendant the claim is against, and allege facts that support and show that the specific defendant engaged in conduct asserted as the legal basis for the claim." (Doc. 5 at 9.)

### B. Summary of the First Amended Complaint

Plaintiff's first amended complaint is a three-page typed document titled "FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15 AND THE ABOVE CAPTIONED ACTION: Regarding my personal accounts at Wells Fargo Bank: Court Document B. Page 4." (Doc. 14 at 1.)  The amended complaint appears to be comprised of several factual allegations with no citations or references to any legal statutes or provisions.  Plaintiff alleges "[i]t is clear, [t]he Court understood," that $2,002.50 was taken from his account without his knowledge or consent while it was in the custody of Wells Fargo Bank. (Doc. 14 at 1–2.)  Plaintiff alleges "[i]t is also clear that Wells Fargo has not produce[d] a single piece of evidence to justify holding" his $2,002.50. (*Id*. at 2.)  Plaintiff contends his accounts at Wells Fargo have been closed since the incident "and will remain closed." (*Id*.)  He states he is seeking the return of his $2,002.50 "plus reasonable interest and applied penalty," that "Wells Fargo Bank should be prohibited from charging any fee or further unnecessary delay," and Exhibits 10 and 11[1] "demand[] that this be done expeditiously." (*Id*.)

Plaintiff further alleges that, regarding his "401K Union Plan," it is clear the Court understood that "lies and deceptions" were used by "Wells Fargo Enrollment Representatives" to

---

[1] "Exhibits 10 and 11" presumably refer to the two exhibits attached to the document titled "Notice to the Court" filed by Plaintiff on November 17, 2022. (*See* Doc. 10 at 9–11.)  In the first screening order, however, the undersigned advised Plaintiff that any amended complaint would supersede the original complaint, *Lacey v. Maricopa Cty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), must be complete in itself without reference to the prior pleading, E.D. Cal. L.R. 220, and should be clearly and boldly titled "First Amended Complaint." (Doc. 5 at 9.)  Accordingly, the undersigned declines to consider these two exhibits as part of the operative pleading before the Court for screening.

get him to transfer $14,000 "plus dollars to them." (Doc. 14 at 2.) Plaintiff states this "was followed by mismanagement, more lies, and a lack of accountability," which was "tantamount to putting an obstacle in front of a blind person," and "lying to regulators such as FINRA is definitely a crime." (*Id*. at 2–3.) The first amended complaint concludes with the following paragraph:

> In closing, I trust this will meet the standard The Court is seeking because this is the best I can do. I would also like to add: There is no place in the U. S. A., where it is ok for John is allowed to steal from Mary because Jane stole from John, and that is what a decision maker at Wells Fargo is doing to me while he is comfortable with his wonderful Wells Fargo salary. Who can access Wells Fargo Banking System to establish bank account (s), but a Wells Fargo employee? That one thing is clear to me. Finally, we are told everyone has equal justice under the Law, but if the Law cannot be accessed for the lack of wealth or education, is there equal Justice?

(Doc. 14 at 3.)

### C. Plaintiff's First Amended Complaint Should be Dismissed for Failure to State a Claim as to "Ms. Helena" and Principal and for Lack of Jurisdiction as to All Three Defendants

#### 1. Failure to State a Claim as to "Ms. Helena" and Principial

Even liberally construed, Plaintiff's first amended complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" as to "Ms. Helena" and Principal. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To survive screening, Plaintiff's claims, as pleaded, must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *accord Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The amended complaint must contain sufficient factual allegations to give Defendants fair notice of each claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. As explained in the first screening order (Doc. 5 at 6), "[a] '[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim.'" *Courtney v. Hous. Auth. of the Cty. of Kings*, No. 1:20-cv-01296-NONE-SKO, 2021 WL 168285, at *4 (E.D. Cal. Jan. 19, 2021). *"*This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that '[a] party must state its claims or defenses in numbered paragraphs, each limited

6

as far as practicable to a single set of circumstances,' and Rule 8." *Id.*

Here, the operative pleading, even after amendment, again constitutes an impermissible "shotgun" pleading and fails to comply with Rules 8 and 10. As set forth above, in the amended complaint, Plaintiff alleges money was taken from his Wells Fargo account without his knowledge or consent, and that his account has since been closed. (Doc. 14 at 1–2.) He seeks the return of his money, along with interest and a penalty, and that Wells Fargo be prohibited from charging additional fees or causing further delay. (*Id.* at 2.) Plaintiff also alleges that lies, deception, and mismanagement were involved in him transferring about $14,000 to "Wells Fargo Enrollment Representatives" in relation to his "401K Union Plan." (*Id.* at 2–3.)

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to *each* Defendant as to the bases of his claims and must allege facts that support the elements of the claims plainly and succinctly. *See Twombly*, 550 U.S. at 555; *Courtney*, 2021 WL 168285, at *4. He fails to do so. Wells Fargo is the only Defendant described in the factual allegations contained in the amended complaint. Liberally construing the operative pleading and accepting as true all factual allegations contained in the amended complaint, as the Court must at this stage of the proceedings, Plaintiff has adequately stated a claim against Wells Fargo. Other than in the address blocks, however, there is no mention of "Ms. Helena" or Principal, aside from a vague reference to Plaintiff's "401K Union Plan." (Doc. 14 at 2.) Ultimately, it is unclear which factual allegations in the amended complaint, if any, pertain to Principal and "Ms. Helena." Accordingly, the undersigned finds that Plaintiff fails to state a claim as to "Ms. Helena" and Principal.

Although Plaintiff has stated a claim against Wells Fargo, the undersigned finds that Plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction, as discussed below.

### 2. Failure to Plead a Cognizable Federal Claims as to All Defendants

#### a. Legal Standard

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only

those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "'well-pleaded complaint rule.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States." "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

b. <u>Analysis</u>

Here, Plaintiff's amended complaint presents no allegations related to jurisdiction. As for federal question jurisdiction, Plaintiff appears to have abandoned the federal claims identified in his original complaint. At best, the amended complaint alleges state law claims such as breach of fiduciary duty, breach of contract, negligence, and/or theft. Such allegations fall short of establishing a cause of action "arising under" federal law necessary to proceed in federal court.

As for diversity jurisdiction, the address blocks in Plaintiff's complaint indicate that he is a resident of California, that Wells Fargo and "Ms. Helena" are residents of North Carolina, and that Principal is a resident of Iowa. (*See* Doc. 14 at 1.) Liberally construed, these allegations establish diversity of citizenship. Regarding the amount in controversy, however, Plaintiff's amended complaint pleads that $2,002.50 was taken from his account and held by Wells Fargo, and he seeks the return of his $2,002.50 "plus reasonable interest and applied penalty." (Doc. 14 at 1–2.) Regarding his "401K Union Plan," Plaintiff alleges Wells Fargo representatives used deceptive tactics to cause him to transfer $14,000 "plus dollars" to them. (*Id*. at 2.) Even liberally construed, these allegations fail to meet the $75,000 threshold and do not appear to be wholly substantiated.

Accordingly, because Plaintiff has not articulated any cognizable claim over which this Court may assert jurisdiction, dismissal is recommended.

///

**D.     Leave to Amend Will Not Be Recommended**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion in determining whether to allow additional opportunities to amend is "'particularly broad.'" *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).

Further amendment is not appropriate in this case. When dismissing the prior complaint, the undersigned advised Plaintiff that any amended complaint must clearly state "his legal claims, identify which defendant the claim is against, and allege facts that support and show that the specific defendant engaged in conduct asserted as the legal basis for the claim." (Doc. 5 at 9.) In the Court's order discharging the OSC, the undersigned cautioned Plaintiff that his first amended complaint needed to cure the deficiencies identified by the Court in its first screening order, and that failure to comply with the Court's order would result in a recommendation that this action be dismissed in its entirety. (Doc. 13 at 3.)

Plaintiff has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable federal claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his amended complaint with regard to Principal and Ms. Helena. Plaintiff has also failed to plead facts invoking this Court's jurisdiction as to any of the Defendants. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Accordingly, granting further leave to amend as to any of the Defendants would be futile, and the action should be dismissed without prejudice. *See, e.g., Jones v. Pope*, Case No. 1:22-cv-01232-JLT-SKO, 2022 WL 17343871, at *1 (E.D. Cal. Nov. 30, 2022) (dismissing complaint without prejudice and without leave to amend for failure to state a claim and for lack of jurisdiction); *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and

futility.").

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case pursuant to 28 U.S.C. § 636(b)(l)(B) and this Court's Local Rule 304. **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 28, 2023**                      /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE