**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN MCQUENNIE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO INSTITUTIONAL RETIREMENT SERVICES, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00557 JLT SKO<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF JURISDICTION<br><br>(Doc. 16) |

      Stephen McQuennie, proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants Wells Fargo Institutional Retirement Services and Principal Financial Group. (Doc. 1.) The magistrate judge screened the first amended complaint and determined that it failed to state a claim upon which relief may be granted as to two of the defendants and for lack of jurisdiction as to all the defendants. (Doc. 16.) Plaintiff timely filed objections. (Doc. 17.)

      Pursuant to 28 U.S.C. § 636(b)(l)(C), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court finds the findings and recommendation are supported by the record and proper analysis. As the magistrate judge explained, the first amended complaint does not appear to set forth any allegations under federal law and does not satisfy the requirements for diversity jurisdiction. (Doc. 16.) Plaintiff argues in his objections that this Court has jurisdiction because "the laws governing Securities are Federal." (Doc. 17.) However, the first amended complaint does not allege any violations of the federal securities laws. In addition, the

1

objections suggest that diversity jurisdiction exists because "the defendant was doing business in Charlotte North Carolina" and "the plaintiff is a resident of California." (Doc 17.) But as the findings and recommendations explain, diversity jurisdiction also requires that the "amount in controversy" is more than $75,000. The Complaint does not allege how that threshold has been met or suggest that it could be met. Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on May 1, 2023 (Doc. 16) are **ADOPTED IN FULL**.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 2, 2023**

UNITED STATES DISTRICT JUDGE